UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERI WOODS,

        Plaintiff,

  v.

JK HARRIS FINANCIAL RECOVERY SYSTEMS, LLC,

        Defendant.

NO. CV04-1836C

ORDER

This matter comes before the Court on motion of Defendant, JK Harris Financial Recovery Systems, LLC, to stay all proceedings pending a decision on Defendant's interlocutory appeal of this Court's Order denying Defendant's motion to compel arbitration. (See Dkt. No. 19.) The Court has carefully reviewed the materials submitted by the parties, and for the following reasons, GRANTS the Defendant's motion to stay the proceedings pending the Ninth Circuit's decision.

In September 2003, Plaintiff Teri Woods entered into a Client Service Agreement with Defendant JK Harris for assistance in dealing with a default judgement and wage garnishment. Pursuant to the arbitration clause contained in the Agreement, Defendant moved to compel arbitration and stay proceedings. (See Dkt. No. 7.) In its Order dated January 24, 2005 this Court denied the request to compel arbitration, finding the arbitration clause substantively unconscionable. (See Dkt. No. 15.) Subsequently, Plaintiff initiated discovery.

In February 2005, Defendant appealed to the Ninth Circuit the Order denying arbitration and now seeks a stay of all proceedings pending a decision on the arbitratibility of the claim. Defendant argues

ORDER – 1

that a stay should be granted to avoid economic and judicial waste and that a stay of proceedings would not prejudice Plaintiff.  Plaintiff asks this Court to deny the motion to stay the proceedings, claiming a stay would prejudice Plaintiff's efforts to recover a judgment given Defendant's financial instability and that similar actions are pending against the Defendant in other states.

This Court, pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A) has jurisdiction to grant a stay of proceedings.  FED. R. APP. P. (8)(a)(1)(A) states that a party must ordinarily move first in the district court for a stay of the judgment or order of a district court pending appeal.  Absent a stay, an appeal seeking review of a collateral order does not deprive the trial court of jurisdiction over other proceedings in the case, and an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal.  Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990).  When arbitrability is the only substantive issue presented in an appeal, the district court is not divested of jurisdiction to proceed with the case on the merits.  Id.  The decision to grant a stay is within the discretion of the trial court.  Id.

In determining whether to grant a stay pending appeal from a refusal to compel arbitration, the Federal Arbitration Act allows the district court to evaluate the merits of the movant's claim and if the motion presents a substantial question, to stay the proceedings pending an appeal from its refusal to compel arbitration.  Id. at 1412.  Although this Court concluded that the arbitration agreement between Plaintiff and Defendant was substantively unconscionable and thus, unenforceable, the Court concludes that the Defendant's appeal is not frivolous.[1]

Even though the Ninth Circuit's decision in Britton appears to contemplate that the merits of the appeal will guide the district court's exercise of discretion, district courts adopting the discretionary approach have utilized a balancing test that includes weighing not only the likelihood of success on the

---

[1] Although it appears Defendant's appeal is neither frivolous nor merely a dilatory tactic, this determination in no way should be construed to imply that the Court has reconsidered the conclusions it reached in its original Order finding the arbitration agreement unconscionable.

ORDER – 2

merits, but also irreparable injury to the applicant, injury to other parties, and the public interest. <u>Satcom Int'l Group PLC v. Orbcomm Int'l Partners</u>, 55 F. Supp. 2d 231, 235 n.2 (S.D.N.Y. 1999). Defendant asserts that allowing the proceedings to continue pending resolution of the appeal will result in significant discovery expenses, essentially rendering the appeal moot. (<u>See</u> Def.'s Mot. for Stay, at 3.) Plaintiff has already made a discovery request that includes production of training manuals, advertisements, and contracts, among other items. (<u>See</u> Pl.'s First Interrogs. and Req. for Produc. of Docs.) Although the extent of resources that will be consumed by this initial discovery request is debatable, allowing the proceedings to continue could result in additional litigation expenses beyond the initial discovery that may be unnecessary if the Ninth Circuit decides this Court erred in finding the arbitration agreement to be unconscionable.

Plaintiff argues that given Defendant's financial instability, granting Defendant's motion to stay will jeopardize its ability to recover on a judgment. (<u>See</u> Pl.'s Mem. in Opp'n, at 4-6.) Plaintiff notes that several other lawsuits have been filed against the Defendant in other states. (<u>Id.</u>) Thus, delay in this litigation may result in these other cases concluding before this case, further hindering Plaintiff's ability to recover. Plaintiff's arguments, however, are speculative at best. Further, given Defendant's current debt, (<u>see</u> Pl.'s Mem. in Opp'n, at 9), it is questionable whether Plaintiff would be able to recover even if litigation proceeds as scheduled. Therefore, the Court is unconvinced that a stay in the proceedings would prejudice Plaintiff's ability to enforce a judgment.

Finally, public policy considerations underlie both parties' claims. Plaintiff contends that the requested stay is against the public interest as it would allow Defendant to continue with its allegedly wrongful conduct. (<u>See</u> Pl.'s Mem. in Opp'n, at 9.) Defendant argues that allowing the proceedings to continue could result in judicial and economic waste if the Ninth Circuit grants the appeal. While both arguments are valid, given the financial instability of the Defendant and the possibility that discovery and other pre-trial preparation could be rendered moot by a Ninth Circuit decision, the more prudent course of action is to wait for the Ninth Circuit's decision before consuming the Court's and the parties'

ORDER – 3

resources.

For the above stated reasons, the Court hereby GRANTS Defendant's motion to stay the proceedings pending the Ninth Circuit's decision regarding the arbitrability of Plaintiff's claim.

DATED this _22nd_ day of April, 2005.

 _____
 UNITED STATES DISTRICT JUDGE

ORDER – 4