UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERI WOODS,

        Plaintiff,

  v.

JK HARRIS FINANCIAL RECOVERY SYSTEMS, LLC,

        Defendant.

NO. CV04-1836C

ORDER

This matter comes before the Court on motion of Defendant, JK Harris Financial Recovery Systems, LLC, to grant a protective order and place under seal all proprietary business and financial information produced pursuant to this litigation, including financial and insurance information previously produced and filed with this Court. (See Dkt. No. 34.) The Court has carefully reviewed the materials submitted by the parties, and hereby finds and rules as follows:

In September 2003, Plaintiff Teri Woods entered into a Client Service Agreement with Defendant JK Harris for assistance in dealing with a default judgment and wage garnishment. Pursuant to the arbitration clause contained in the Agreement, Defendant moved to compel arbitration and stay proceedings. (See Dkt. No. 7.) In its Order dated January 24, 2005, this Court denied Defendant's request to compel arbitration, finding the arbitration clause substantively unconscionable. (See Dkt. No. 15.) Subsequently, the Court granted Defendant's motion to stay proceedings pending the Ninth Circuit's decision on whether the claim is arbitrable. (See Dkt. No. 33.)

During discussions concerning a possible stay of proceedings, Plaintiff requested, and Defendant

ORDER – 1

provided, a recent income statement, a balance statement, and insurance coverage information. Defendant produced the requested materials even though the parties had agreed to defer formal discovery pending the motion for stay of proceedings. Defendant did not seek a protective order or secrecy agreement for the records. Subsequently, Plaintiff filed the documents with the Court in support of her opposition to Defendant's motion to stay. Defendant now seeks a protective order and asks that the Court seal the previously provided financial and insurance information, as well as any additional proprietary financial or business information produced pursuant to this litigation.

On a showing of "good cause," a court may grant a protective order providing that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." FED. R. CIV. P. 26(c)(7). The moving party must make a clear showing of a particular and specific need for the order. Blankenship v. Hearst Corp., 519 F. 2d 418, 429 (9th Cir. 1975). A trial court possesses broad discretion in issuing a protective order and in determining what degree of protection is required. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

Defendant argues that continued access to these documents by the public will cause irreparable harm to JK Harris. Specifically, Defendant claims this information could discourage potential clients from seeking the company's services, shake consumer confidence in the company, and undermine JK Harris' ability to compete in the market. However, the financial records have already been made public, and it is likely any damage to JK Harris' reputation has already occurred. The Court concludes, therefore, that granting a protective order would be futile.

//
//
//
//
//
//

ORDER – 2

1    Accordingly, the Court DENIES Defendant's motion to seal the previously produced financial
2 and insurance documents included in Plaintiff's Opposition to Defendant's Motion for Stay of
3 Proceedings.  Because the parties agreed to defer formal discovery until the Ninth Circuit determines the
4 arbitrability of this case, Defendant's request for a protective order for all proprietary documents
5 produced during discovery is premature.  Therefore, Defendant's request for a protective order for all
6 information produced subsequent to this Order is also DENIED.

7    DATED this _10th_ day of June, 2005.

　　　　　　　　　　　　　　　　　　　　　　　/s/ John C. Coughenour
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

ORDER – 3